UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

PREFERRED MEDICAL, P.C., as assignee of      :
Jabbar Abdurrahman and other injured persons
listed in attached rider and MOSHE D. FULD, P.C.,  :

               Plaintiffs,      :

         -against-        :

GEICO GENERAL INSURANCE COMPANY,    :

              Defendant.     :
-----------------------------------------------------------------------X

03 Civ. 8516 (DCF)

**MEMORANDUM AND
ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      This diversity action is before me on consent pursuant to 28 U.S.C. § 636(c). In its

Complaint,[1] plaintiff Preferred Medical, P.C. ("Preferred") seeks to recover from defendant

Geico General Insurance Company ("Geico")[2] for unpaid insurance claims submitted by

Preferred as assignee of 49 patients who received medical services at its facility. Initially, Geico

moved to dismiss the Complaint pursuant to 28 U.S.C. § 1332, on the ground that Preferred had

improperly aggregated these claims in order to satisfy the $75,000 jurisdictional amount. Upon

indicating its intention to deny that motion, the Court invited Geico to make a separate motion to

sever Preferred's claims under Rule 21 of the Federal Rules of Civil Procedure. Geico has now

made such a motion, to which Preferred has responded by filing an opposition, as well as a cross-

motion for partial summary judgment under Rule 56. For the reasons discussed below, Geico's

---

[1] Plaintiff's Verified Complaint, filed Oct. 29, 2003 ("Compl.") (Dkt. 1).

[2] Although Defendant states that it is properly known as Government Employees
Insurance Company (*see* Answer, filed Dec. 23, 2003 ("Answer") (Dkt. 5)), for convenience, the
Court will refer to it herein as "Geico."

motion to sever is granted, and Preferred's cross-motion is denied. Plaintiff's action is dismissed without prejudice to pursue its claims in state court.

## BACKGROUND

As set forth more fully in the Court's prior decision on Geico's motion to dismiss,[3] familiarity with which is assumed, Preferred, a New York provider of medical services, seeks to recover on the No-Fault automobile insurance claims of 49 patients who were allegedly injured in automobile accidents. (*See* Compl. ¶¶ 2, 6-7.) Preferred rendered medical services to these patients, who, in consideration for those services, assigned their No-Fault insurance benefits to Preferred. (*Id.* ¶ 9; *see also* Plaintiff's Memorandum of Law in Support of Cross-Motion for Summary Judgment and Opposing Motion to Sever, filed Jan. 7, 2005 ("Pl. Opp. and Cross-Motion Mem."), attached to Notice of Cross-Motion (Dkt. 20), at 3.) Preferred then billed Geico for payment of such benefits, by submitting to Geico forms entitled "Verification of Treatment by Attending Physician." (Compl. ¶11; *see also* Pl. Opp. Mem. at 3.)

According to Preferred, Geico failed to pay these bills, even though Preferred was entitled to payment. (Compl. ¶ 10-12; *see also* Pl. Opp. and Cross-Motion Mem. at 3; Affidavit of Elena Shvartsman in support of Cross-Motion, filed Jan. 7, 2005 ("Shvartsman Aff.") (Dkt. 21), ¶ 11.) On October 29, 2003, Preferred commenced this action for payment.

In April 2004, Geico moved to dismiss the Complaint; the Court denied that motion orally and then in a written opinion dated February 7, 2005. (*See supra*, n.3.) On December 7, 2004, at the Court's suggestion, Geico separately moved to sever Preferred's claims pursuant to

---

[3] *See Preferred Medical, P.C. v. Geico Gen. Ins. Co.*, 03 Civ. 8516 (DCF), 2005 WL 309771, at *1 (S.D.N.Y. Feb. 7, 2005).

Federal Rule of Civil Procedure 21 and, once severed, to dismiss those claims as individually insufficient to satisfy the $75,000 jurisdictional amount required to maintain a diversity action. (*See* Declaration of Bruce A. Cook in support of Geico's Motion to Sever, filed Dec. 7, 2004 ("12/7/04 Cook Decl."), attached to the Notice of Motion (Dkt. 18), at 1-4.) Geico contends that each of the aggregated claims would require individualized proof, both in terms of documentary evidence and witness testimony, and that it would be difficult and highly inefficient for this Court to oversee discovery and trial of all of these distinct claims.

On January 7, 2005, Preferred opposed Geico's motion to sever and cross-moved for summary judgment on the claims of 23 of the 49 patients for which Plaintiff seeks recovery in this case. (*See* Affirmation of David Karp in Support of Cross-Motion and Opposing Motion to Sever, filed Jan. 7, 2005 ("1/7/05 Karp Aff."), attached to the Notice of Cross-Motion (Dkt. 20); *see also* Statement Pursuant to Local Rule 56.1, filed Jan. 7, 2005 (Dkt. 22).) According to Preferred, summary judgment in its favor is warranted on the claims of these 23 patients because Geico waived all of its potential defenses to payment on these claims, by failing to respond to them within the 30-day time period specified by the New York No-Fault insurance law. (*See* Pl. Opp. and Cross-Motion Mem., at 6-7.) The implication of Preferred's cross-motion is that, because it is entitled to judgment as a matter of law on a fair number of its aggregated claims, the Court should not only grant partial summary judgment, but should also deny the motion to sever because the remaining claims would constitute a smaller and more manageable universe for discovery and trial in this Court. Under the circumstances, the Court will consider the motion and cross-motion together, and will consider whether the arguments set forth in the cross-motion may impact the Court's resolution of the motion to sever.

**DISCUSSION**

I. <u>**GEICO'S MOTION TO SEVER**</u>

In its motion to sever, Geico asserts that the claims in this lawsuit arise out of 49 separate and distinct automobile accidents that bring with them unique factual circumstances, including distinct medical conditions and the administration of different medical services. (*See* Memorandum of Law in Support of Defendant Geico's Motion to Sever and Dismiss the Plaintiff's Complaint, filed Dec. 7, 2004 ("Def. Sever Mem."), attached to the Notice of Motion (Dkt. 18), at 6.) Further, Geico argues that each individual claim will have to be supported or challenged by individualized proof. (*See, e.g., id.* at 10.) With respect to witnesses alone, Geico asserts that there are over 200 potential witnesses with information about this case, including not just the 49 patients, but also 26 referring physicians, 20 peer review physicians, and additional treatment physicians and claims representatives. (*Id.* at 10.) Geico also contends that, because of the unique underlying factual situations involved, different provisions of New York State No-Fault insurance law would have to be applied. (*Id.* at 7.) Moreover, Geico argues that, if Preferred's claims were tried together, a jury would have to render 49 distinct verdicts.[4] (12/7/04 Cook Decl. at 3.)

Based on the purportedly individual nature of the claims, Geico argues that severance is justified and would best promote judicial economy. (Def. Sev. Mem., at 8.) Geico also asserts that, if severance is granted, the Court would then lack subject matter jurisdiction to hear Preferred's claims, because none of the individual claims would meet the $75,000 threshold for

---

[4] The Court notes that Preferred seeks to recover on the claims of 49 *patients*, and that it actually submitted more than one claim for some patients. The total number of *claims* at issue in this lawsuit therefore exceeds 49.

4

diversity jurisdiction.  (*Id*. at 11.)  Geico argues that, if the claims are severed and then dismissed, Preferred would remain free to pursue the claims in state court and, therefore, would suffer no prejudice.  (*Id.* at 9.)

In opposition to Geico's motion to sever, Preferred contests Geico's characterization of the aggregated claims as arising from different transactions and occurrences.  (*See* Pl. Opp. and Cross-Motion Mem. ¶ 29.)  In particular, Preferred notes that each claim aggregated in this action involves a request for payment for an MRI performed to evaluate neck and/or back injuries sustained by the patient.  (*Id.* ¶ 32.)  Preferred also asserts that the claims at issue are not based on particular accidents, but instead flow from Geico's failure to pay benefits which were due under an allegedly uniform contract of insurance.  (*Id.* ¶¶ 29-30, 33.)  Preferred contends that, because all of the claims arise from a uniform contract, resolution will require application of the same law.  (*Id.* ¶ 30.)  Preferred also argues that a single trial would be the most efficient way to resolve this case.  (*See id.* ¶ 34.)

Under Rule 21, "[a]ny claim against a party may be severed and proceeded with separately," even though a party may initially combine all of its claims against a particular defendant.  Fed. R. Civ. P. 21.  Nonetheless, "[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court."  *In re Ski Train Fire*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (quoting *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d. Cir. 1988)).  Because "considerations of convenience, avoidance of prejudice to the parties, and efficiency" are implicated, courts weigh several factors in a severance analysis, including: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial

economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Deajess Med. Imaging, P.C. ex rel. Barry v. Geico Gen. Ins. Co.*, No. 03 Civ. 7388 (DCF), 2005 WL 823884, at *2 (S.D.N.Y. Apr. 7, 2005) (citations omitted).

Applying these factors here, the Court first notes that the claims at issue on the severance motion do not arise out of the same transaction or occurrence, despite Preferred's argument to the contrary. (*See* Pl. Opp. and Cross-Motion Mem. ¶¶ 29-33.) Rather, to the extent Geico issued denials of the claims, it did so for each claim separately, which clearly supports severance. *See, e.g., Deajess*, 2005 WL 823884 at *2 (severance of claim supported where Geico denied each insurance claim separately); *Boston Post Rd. Med. Imaging, P.C. v. Geico Gen. Ins. Co.*, No. 03 Civ. 7390 (JCF), 2004 WL 1810572, at *4 (S.D.N.Y. Aug. 12, 2004) (noting that insurer's denial of all claims did not render the claims part of the same transaction or occurrence); *Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, No. 03 Civ. 3923 (RCC), 2004 WL 1586429, at *1 (S.D.N.Y. July 15, 2004) (same). Further, although it appears uncontested that a uniform insurance contract is implicated by each claim in this action, Preferred's argument that each claim in this action rests upon an "identical" factual ground (*see* Pl. Opp. and Cross-Motion Mem. ¶ 30) is unpersuasive, given that each claim arises out of a distinct factual scenario, involving a particular automobile accident, resulting in a particular alleged injury. Thus, the first factor weighs in favor of severance.

Second, the claims at issue involve different issues of fact and law, and this lack of commonality also weighs in favor of severance. *See Deajess*, 2005 WL 823884 at *3. With respect to factual issues, it is apparent that, although the injuries sustained by some of the

patients were similar, the relevant details of each injury remain distinct. Moreover, because Geico denied a number of claims based on determinations that the MRIs were not medically necessary, the trial of such claims will call into question the unique nature of the injuries suffered by the individual patients and the particular need (or lack thereof) for an MRI on the individual medical record presented. *See Deajess Med. Imaging, P.C. v. Geico Gen. Ins. Co.*, No. 03 Civ. 7388 (DF), 2004 U.S. Dist. LEXIS 13164, at *12 (S.D.N.Y. July 16, 2004).

On the question of commonality of legal issues, Preferred argues that the common insurance policy at issue in this case will need to be analyzed under only one set of provisions of the No-Fault insurance laws. (*See* Pl. Opp. and Cross-Motion Mem. ¶ 30.) Yet, Geico has raised at least three different defenses in this action, which suggests that a number of policy provisions will likely come into play with respect to the many claims asserted here. At trial, these different policy provisions would have to be individually applied to the specific circumstances of each patient's claim. *See Boston Post Rd. Med. Imaging, P.C.,* 2004 WL 1810572, at *4 (noting that even if the policies were identical, different provisions of the policies would be relevant to each claim); *Boston Post Rd. Med. Imaging, P.C.*, 2004 WL 1586429, at *2 (holding that because the defendant's defenses varied from claim to claim, different provisions of the policies were relevant to the different claims, with no common issues of law or fact). In addition, although Preferred is correct in pointing out that the No-Fault provisions of the insurance law are relevant to this action, it appears that certain provisions, such as those governing an insurer's requests for verifying information, would only apply to *some* of Preferred's claims – *i.e.*, those claims for which Geico required additional verification from Preferred. For other claims, however, Geico made no verification requests, and therefore, the No-Fault provisions regarding verification

would not be relevant to such claims.  Thus, Preferred is not correct that "the law applicable to these claims [is] identical."  (Pl. Opp. and Cross-Motion Mem. ¶ 30.)  In sum, different questions of fact and law are implicated in this case, supporting severance.

As to the third factor, severing the claims likely serves the interest of judicial economy. *See Boston Post Rd. Med. Imaging, P.C.*, 2004 WL 1586429, at *2 (noting that because the jury would have to consider 59 separate accidents, "[i]nterests of efficiency suggest severance is the preferable option"); *Deajess Med. Imaging, P.C. v. Travelers Indem. Co.*, 222 F.R.D. 563, 564 (S.D.N.Y. 2004) (holding that, because the 33 claims would require the court to "consider the practicalities of 33 trials in one proceeding," severance was appropriate).  If, however, there is a basis for granting Preferred's cross-motion as to a significant number of claims in this case, thereby substantially reducing the number of claims subject to discovery and trial, the Court will re-evaluate this factor.

As to the fourth factor, the Court agrees with Geico that Preferred would at least suffer no significant prejudice should this Court sever its claims.  Preferred would remain free to file the claims separately in state court and then use the evidence already obtained in discovery here.  *See Deajess Medical Imaging, P.C.*, 2005 WL 823884, at *4; *Boston Post Rd. Med. Imaging, P.C.*, 2004 WL 1810572, at *5; *Boston Post Rd. Med. Imaging, P.C.*, 2004 WL 1586429, at *2.

Finally, as argued by Geico, it appears that different witnesses and documentary proof would be required for the separate claims at issue in this suit.  Preferred seems to suggest in its submission that only a single medical provider would be required to testify for all of the claims in this action.  (*See* Pl. Opp. and Cross-Motion ¶ 31.)  Geico, however, points to over 200 potential witnesses.  (*See* 12/7/04 Cook Decl. at 3-4.)  Although Geico concedes that it is unlikely that all

of the witnesses with knowledge relevant to the aggregated claims would need to be called at trial (*see id.* at 4), the testimony of many of these witnesses may well be important. This factor thus also weighs in favor of severance. *See Boston Post Rd. Med. Imaging, P.C.*, 2004 WL 1810572, at *5 (noting that because the claims "were denied for a variety of reasons, establishing the propriety of each denial will require different witnesses and documentary proof . . . [thus] allowing the various claims to remain consolidated would result in a cumbersome trial with disparate evidence").

For the reasons set forth above, it appears that severance in this case is warranted. Nonetheless, the Court will consider the pending cross-motion, to the extent it may impact on this determination.

## II.     PREFERRED'S CROSS-MOTION
##         FOR PARTIAL SUMMARY JUDGMENT

In its cross-motion, Preferred argues that, by its evidentiary submissions, it has demonstrated that it is entitled to summary judgment on a number of its claims. (*See* Pl. Opp. and Cross-Motion Mem. ¶¶ 8-11.) These submissions include the bills that Preferred sent to Geico for services provided to 23 patients, and testimony by affidavit that these bills were mailed to Geico, but were neither paid or denied within 30 days, as purportedly required by No-Fault insurance law. (*See* Shvartsman Aff., ¶¶ 6-7; *see also* Pl. Opp. and Cross-Motion Mem. ¶¶ 18-24.) Preferred has also submitted copies of certain "Denial of Claim" forms that it received from Geico during discovery and that, according to Preferred, constitute "further proof of receipt of the bills by the defendant." (*See* Pl. Opp. and Cross-Motion Mem. ¶ 12; *see also* 1/7/05 Karp Aff., at Ex. D.) These forms reflect the date that Geico received each of the bills in question, and are relied upon by Preferred to support its argument that Geico failed to adhere to

the "30-day pay or deny rule" (*see* Karp Aff., at Ex. D; *see also* Pl. Opp. and Cross-Motion Mem. ¶ 22), which, according to Preferred, warrants judgment in its favor on these claims.

Geico filed an opposition to the cross-motion on March 14, 2005. (*See* Geico's Memorandum of Law in Opposition to Cross-Motion ("Def. Opp. Mem."), attached to the Declaration of Bruce A. Cook, filed March 14, 2005 ("3/14/05 Cook Decl.") (Dkt. 25).) In its submission, Geico argues that the evidence relied upon by Preferred is insufficient to show that Preferred is entitled to judgment as a matter of law. (Def. Opp. Mem. at 4.) In particular, Geico argues that Preferred has not shown that its affiant, Ms. Shvartsman, has personal knowledge of the facts to which she attests. (*Id.* at 4-5.) Further, based on a number of submitted affidavits from Geico claims examiners, Geico argues that, where claim denials were issued, they were done so in a timely fashion under New York law. (*See id.* at 7; *see also* 3/14/05 Cook Decl., at Ex. B-S.) Geico cites to various provisions of the No-Fault insurance regulations in support of its argument, including those relating to verification requests, under which the time for an insurer to "pay or deny" an insured's claim appears to be extended if the insurer requests additional information from the insured in connection with that claim. (*See* Def. Opp. Mem. at 7.)

In reply, Preferred challenges Geico's claim examiner affidavits as insufficient and inadmissible. (*See* Reply Affirmation of David Karp, filed Apr. 1, 2005 ("4/1/05 Karp Aff.") (Dkt. 26), at 2-3.) According to Preferred, these affidavits are not based on personal knowledge and fail to provide adequate assurance of the accuracy of the information they present regarding the dates that Preferred's bills and other documents were received by Geico, and the dates that Geico mailed out claim denials. (*Id.* at 3.) Preferred further argues on reply that Geico cannot survive summary judgment by contending that, on certain claims, its time to respond was extended by its requests for verification, because its verification requests were not made in good

faith, and were thus themselves violative of the No-Fault insurance regulations.  (*See* 4/1/05 Karp

Aff. at 2-5.)  Finally, after noting that "the basis of denial listed on all the Denials of Claim is that

[Geico's] consultant did not find the procedure in issue to be medically necessary," Preferred

argues that, even if Geico's denials were timely, Geico has failed to raise a question of fact

regarding any lack of medical necessity for the services rendered, a defense on which Geico bears

the burden of proof.  (*See id.* at 2-6.)

Summary judgment is appropriate when the parties' sworn submissions show that "there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986); *Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 128-29 (2d Cir. 1996).  The party moving for

summary judgment "always bears the initial responsibility of informing the district court for the

basis of its motion . . .  [and] demonstrat[ing] the absence of a genuine issue of material fact."

*Celotex Corp.*, 477 U.S. at 323-24.  Once the moving party presents evidence of facts that would

support judgment in its favor as a matter of law, the opposing party must come forward with

evidence in admissible form that is capable of refuting those facts.  Fed. R. Civ. P. 56(e).

Summary judgment evidence must be viewed "in the light most favorable to the party

against whom summary judgment is sought and must draw all reasonable inferences in his

favor."  *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  It is then left to this Court to

determine whether any triable issues remain – that is, whether "there are any genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court, however, "cannot try issues of fact; it can only determine whether there are issues to

be tried." *American Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2d Cir. 1967); *accord Sutera v. Schering Corp.*, 73 F.3d 13, 15-16 (2d Cir. 1995).

In this case, it appears that Preferred has sustained its initial burden of coming forward with evidence to support the cross motion – specifically, copies of the submitted bills, copies of Geico's Denial of Claim forms, and sworn testimony stating that the bills were not timely paid. (*See* Shvartsman Aff. ¶¶ 6-10; 1/7/05 Karp Aff., at Ex. D.) Although Preferred misstates the law when it argues that Geico's 30 days to "pay or deny the claims" commenced with the date it *submitted* the bills to Geico (*see* Pl. Opp. and Cross-Motion Mem. ¶ 18), as opposed to the date the bills were *received by* Geico (*see* 11 N.Y.C.R.R. § 65-3.8(a)(1) (2005)),[5] it nonetheless appears from Preferred's submitted documentation that Geico's responses were untimely. (*See, e.g.*, 1/7/05 Karp Aff., Ex. D at 8) (Denial of Claim Form regarding Shoshana Bouskila, dated April 30, 2003, and indicating that Geico received claim almost three months earlier, on February 4, 2003). Thus, it appears that Preferred has made out a *prima facie* case on these claims. *See Mary Immaculate Hosp. v. Allstate Ins. Co.*, 5 A.D.3d 742, 742-43 (2d Dep't 2004) (plaintiff may establish a *prima facie* case that it is entitled to payment on No-Fault insurance claims by showing that the prescribed statutory billing forms were sent and received, and that payment was overdue); *see also A.B. Medical Services PLLC v. American Transit Ins. Co.*, 2005 N.Y. Slip Op. 51316U, at *1 (2d Dep't Aug. 17, 2005) (plaintiff may establish the billing-forms point by presenting denial of claim forms that indicate a date of receipt for the claim).

---

[5] This provision states that: "No-Fault benefits are overdue if not paid within 30 calendar days after the insurer *receives* proof of claim . . . ." *See* 11 N.Y.C.R.R. § 65-3.8(a)(1) (2005).

Nevertheless, Geico has raised genuine issues of material fact regarding the timeliness of its denials by submitting the affidavits of its claims examiners, which explain Geico's actions with respect to all but approximately six of the claims at issue.[6] First, these affidavits state when and how denials for the claims were sent to Preferred, and contain a description of Geico's standard office mailing procedures (*see, e.g.,* 3/14/05 Cook Decl., at Ex. D (Affidavit of Alex Rey)), which gives rise to a presumption that the claim denials were mailed on the stated dates. *See Residential Holding Corp. v. Scottsdale Ins. Co.*, 286 A.D.2d 679, 680 (2d Dep't 2001); *cf. Summit Psychological, P.C. v. Gen'l Assurance Co.,* 2005 N.Y. Slip Op. 25263, at *2 (2d Dep't June 28, 2005) (summary judgment granted to plaintiff where affidavit of defendant's claims examiner failed to describe, *inter alia,* office mailing procedure). For at least a few of the claims at issue on the cross-motion, Geico's evidence appears to support its position that its denials were, in fact, made within the requisite 30 days, raising material issues of fact regarding timeliness sufficient to defeat summary judgment on these claims.

Second, for a large percentage of the claims at issue, the claims examiner affidavits attach requests for verification sent from Geico to Preferred, and state that Geico timely denied Preferred's claims in light of the verification requests (*see, e.g.,* 3/14/05 Cook Decl., at Ex. H), which effectively altered the 30-day "pay or deny" rule. *See* 11 N.Y.C.R.R. 65-3.6(b) (extending the 30-day rule if requested verification information has not been supplied to the insurer within 30 calendar days after the original request). By submitting evidence of these verification requests, Geico has raised a material factual issue as to whether its responses on these claims were timely, regardless of whether the claims were paid or denied within 30 days of receipt of

---

[6] (*See infra* at 15 and n.7.)

13

Preferred's bills.  *Cf. Delta Diagnostic Radiology, P.C. v. Lumbermans Mut. Ins. Co.*, 2005 N.Y. Slip Op. 50326U, at *3 (N.Y. Civ. Ct. Feb. 10, 2005) (defendant failed to sustain its burden in opposing a motion for summary judgment, where the issue was timeliness, by failing to provide competent evidence of either requests for verification or denials).  Preferred's additional argument – that the verification requests were made in bad faith – raises a question that cannot be determined from the submitted evidence, that is quintessentially factual in nature, and that is inappropriate for summary resolution.  *See Horn's, Inc. v. Sanofi Beaute, Inc.*, 963 F. Supp. 318, 326 (S.D.N.Y. 1997) (noting that "issues of bad faith are generally inappropriate for determination on summary judgment").

Geico has thus raised individualized, genuine issues of material fact as to whether most of the claim denials and verification requests were sent to Preferred in accordance with the New York No-Fault insurance law.  These issues preclude summary judgment as to these claims.  Further, the Court declines to reach Preferred's argument regarding Geico's alleged failure to establish a lack of medical necessity for the services provided by Preferred on these claims, as Preferred did not raise this specific argument until its reply.  (*See* 4/1/05 Karp Aff., at 5-6.) Thus, although Geico may bear the burden of proof on the defense that Preferred's services were not medically necessary, Geico was not required on this cross-motion to come forward with evidence establishing that Preferred's services were not medically necessary, given the belated assertion of this specific argument by Preferred.

At most, Preferred may be entitled to judgment as a matter of law on six of its claims, which the Court did not find addressed by Geico's opposition papers.[7]  Nonetheless, as there is no basis for summary judgment as to the vast majority of the claims that are the subject of Preferred's cross-motion, there is also no basis for the Court to revisit its analysis, set forth above, as to the propriety of severance in this case.  Indeed, severance now appears all the more appropriate, because the cross-motion highlights the fact that there are not only individualized issues in this case as to the nature of the underlying injuries, but also as to the timeliness of Geico's various claim denials and as to its good faith.  In any event, if all but six of Preferred's claims are severed, the Court would no longer have jurisdiction to issue judgment on these six claims because, even when aggregated, they fall short of amounting to the $75,000 required for this Court to have diversity jurisdiction.  Accordingly, Geico's motion to sever is granted, and the cross-motion is denied in its entirety.

---

[7]  From the Court's review of the parties' papers, it appears that Geico has not submitted affidavits in opposition to claims involving patients Abdurrahman, Bouskila, Busjit, Chudinova, Slavina, and Springer.  As the documents attached to the Shvartsman Affidavit show, Preferred rendered more than one service to patients Abdurrahman, Bouskila, Chudinova, Slavina and Springer, and thus, in some cases, submitted more than one claim to Geico for these patients. Although Geico submitted an affidavit in opposition to one claim relating to Abdurrahman and one claim relating to Bouskila, it did not submit such affidavits on the remaining claims relating to these two patients, nor on any claims relating to Busjit, Chudinova, Slavina or Springer.

## CONCLUSION

## CONCLUSION

For all of the foregoing reasons, Geico's motion to sever is granted, and Preferred's cross-motion for partial summary judgment is denied. As the Court no longer has subject matter jurisdiction over this matter, the Complaint is hereby dismissed without prejudice to Preferred to pursue its claims in state court. The Clerk of the Court is respectfully requested to close this case on the Court's docket.

Dated: New York, New York
October 21, 2005

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies mailed to:

Moshe David Fuld, Esq.
Law Offices of Moshe D. Fuld, P.C.
38 West 32nd Street, 7th Floor
New York, NY 10001

Bruce A. Cook, Esq.
Montfort, Healy, McGuire & Salley
1140 Franklin Avenue
P.O. Box 7677
Garden City, NY 11530